# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| MAUREEN FRANCIS | CIVIL ACTION NO. 6:19-0803 |
| VERSUS | JUDGE JUNEAU |
| LOUIS ACKAL, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, are two motions, to wit: (1) the FRCP Rule 12(b)(6) Motion to Dismiss [Doc. 9] filed by defendants Sheriff Louis Ackal ("Ackal") and Deputy Christopher Wilson ("Wilson"); and (2) the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [Doc. 5] filed by defendant the City of New Iberia. Neither motion is opposed. It appearing that both motions are well grounded in law and fact, IT IS RECOMMENDED that the motions be GRANTED. IT IS FURTHER RECOMMENDED that the City of New Iberia's motion for attorneys' fees be DENIED.

The instant lawsuit arises out of dispute among family members over the right to possess a house located at 1003 Lombard Street in New Iberia. Plaintiff Maureen Francis alleges that her mother owned the house before she died, but that upon her mother's death, no succession was opened. Francis argues she is the rightful owner of the house. On June 4, 2018, the plaintiff called 911 to report that while she was cleaning the house, members of her family, including her aunt, Cora Frank, arrived

1

at the home and attacked her. Defendant Wilson was dispatched to the house to investigate and, upon his arrival, Cora Frank produced a court order naming her as a part owner of the house. Plaintiff Francis was not named as a part owner of the house in the court order. Deputy Wilson then instructed plaintiff to leave the premises, upon penalty of arrest, and was advised to retain an attorney to help her determine ownership.

Plaintiff filed suit against, *inter alia*, Deputy Wilson, Sheriff Ackal, and the City of New Iberia, asserting violations of her civil rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution, and seeks damages under Louisiana Civil Code Article 2315. The aforementioned defendants seek dismissal of the claims against them, and the plaintiff has not opposed their motions.

I. **Motion to Dismiss filed by Deputy Wilson and Sheriff Ackal [Doc. 9]**

Francis alleges violations of her Fifth and Fourteenth Amendment rights against Deputy Wilson and Sheriff Ackal based on her eviction from the Lombard house and the threat of arrest if she returned to the house.

The undersigned finds the plaintiff has stated no cause of action against these defendants under the Fifth Amendment, because there is no allegation of involvement by the federal government. *See Dusenberry v. United States*, 534 U.S. 161, 167 (2002). Furthermore, to the extent the plaintiff has alleged a claim under the Fourteenth Amendment, the plaintiff fails to identify a constitutionally protected

2

property interest and state action that has deprived her of that interest. *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995). In the pleadings, plaintiff refers to the Lombard house as her "mother's residence" or "mother's house." This description does not imply that plaintiff is the current owner.

Even assuming Francis has identified a constitutionally protected property interest and a deprivation of that right, Wilson and Ackal have pled the defense of qualified immunity, which the plaintiff cannot overcome based on the facts alleged. "Qualified immunity shields government officials acting within their discretionary authority from liability when their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009), *quoting Wallace v. County th of Comal,* 400 F.3d 284, 289 (5th Cir. 2005). A defendant's assertion of qualified immunity is analyzed under a two-pronged test: (1) whether the plaintiff has shown sufficient facts to "make out a violation of a constitutional right" and (2) "whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

Under the facts alleged, Deputy Wilson was presented with a court order that indicated someone other than the plaintiff had a property interest in the house, and the plaintiff was unable to produce any evidence that she had an ownership interest

3

in the house. Under the circumstances, and in the face of a heated dispute among family members, Deputy Wilson ordered the plaintiff to vacate the premises and retain an attorney. The undersigned finds that Deputy Wilson's actions were objectively reasonable, and to the extent the plaintiff could state a claim under the Fourteenth Amendment, Deputy Wilson would be entitled to qualified immunity on such a claim.

The plaintiff has also pled a *Monell* claim against Sheriff Ackal. *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 659 (1978). Because Sheriff Ackal cannot be held vicariously liable for the constitutional torts of his employees, the pleadings must assert an underlying constitutional violation against him and identify an official policy or practice that was the moving force behind the alleged violation. *Hicks-Fields v. Harris County, Texas*, 860 F.3d 803 (5th Cir. 2017). Without deciding whether an underlying constitutional claim has been properly pled, the undersigned concludes that regardless, the pleadings fail to identify any policy or practice that caused the alleged constitutional violation. Thus, the undersigned concludes that the pleadings fail to state a plausible *Monell* claim against Sheriff Ackal, and this claim should be dismissed.

The plaintiff also alleges an unspecified and unsupported Sixth Amendment violation. The Sixth Amendment protects the rights of an accused in criminal trials and does not apply to civil cases. *Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("But

the Sixth Amendment does not govern civil cases."). Here, the plaintiff was not charged with or tried for a crime. Consequently, no Sixth Amendment violation has been alleged.

Finally, with respect to the state law claims alleged against Deputy Wilson under Louisiana Civil Code Article 2315 for the eviction and threatened arrest, and the vicarious liability of Sheriff Ackal for these actions under Article 2317, the undersigned concludes the facts alleged in the pleadings fail to state a cause of action under any theory of recovery. To prove the negligence of a law enforcement officer, the plaintiff must show that the officer failed to follow a course of action which is reasonable under the circumstances. *Smith v. Lafayette Parish Sheriff's Dept't*, 874 So.2d 863, 869 (La. App. 3rd Cir.), *writ denied*, 885 So.2d 595 (La. 2004). Based on the allegations contained in the Complaint, the undersigned concludes the pleadings do not state facts sufficient to state a cause of action under either Article 2315 against Deputy Wilson or under Article 2317 against Sheriff Ackal.

All additional allegations against Deputy Wilson and Sheriff Ackal fail to state a claim, including the plaintiff's allegations that Deputy Wilson's report fails to reference Wilson's threat to arrest the plaintiff if she returned to the premises, as well as the plaintiff's allegation that Wilson falsely reported that Francis reported that family members were moving in and out of the house. The plaintiff's allegation that Deputy Wilson should have conducted a subsequent investigation to determine

ownership of the house is equally baseless.  Finally, the plaintiff's allegation that Sheriff Ackal failed to reprimand Deputy Wilson and allowed him to resign his position fails to state a claim, because it fails to include facts that show the plaintiff was thereby damaged.

## II. The Motion to Dismiss filed by the City of New Iberia [Doc. 5]

The plaintiff's claims against the City of New Iberia are alleged under the Fifth and Fourteenth Amendment, as well as under the Sixth Amendment, under which the plaintiff alleges her right to a fair trial.  All of the plaintiff's allegations against the City of New Iberia fail to state a claim, as she fails to allege the City of New Iberia's/New Iberia's Police Department's direct involvement in the incident made the basis of her lawsuit.  It is undisputed that neither the City of New Iberia nor the New Iberia Police Department employed Deputy Wilson at the time of the incident on June 4, 2018, and the plaintiff does not allege that either of these entities had any involvement in the incident giving rise to the lawsuit.  Deputy Wilson went to work for the City of New Iberia after the incident in question, therefore, neither the City of New Iberia nor the New Iberia Police Department can have any liability to the plaintiff for the events giving rise to the instant lawsuit.

In their motion, the City of New Iberia seeks costs and reasonable attorneys' fees as the prevailing party in this matter.  42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding or proceeding to enforce a provision of . . . [Section 1983]

. . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" Although Section 1988 does not distinguish between prevailing plaintiff and prevailing defendant, there are different equitable interests at stake for each, and so different standards govern the award of attorney's fees depending on who prevails.

"[P]revailing defendants are entitled to attorney's fees 'only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation or that the plaintiff continued to litigate after it clearly became so.'" The United States Fifth Circuit generally considers the following factors important to frivolity determinations: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial.

The City of New Iberia argues that two of the three factors have already been satisfied in this matter, with the third factor not yet decided. The plaintiff has failed to establish a *prima facie* case, and the defendants have not offered to settle this matter. Arguing that the "[t]he Petition for Damages utterly fails to satisfactorily plead facts that amount to a single cause of action against the City of New Iberia," the City argues the plaintiff should be cast with all of the City of New Iberia's costs and attorney's fees.

7

Although the undersigned was unable to find any Fifth Circuit cases specifically addressing the propriety of awarding attorneys' fees against a *pro se* plaintiff in a civil rights context, the undersigned notes that in *Horn v. Carter*, 360 F. App'x 851, 852 (9th Cir. 2009), the plaintiff, an Arizona state prisoner, appealed *pro se* from the district court's judgment awarding $33,311.56 in attorney's fees and costs to the defendant pursuant to 42 U.S.C. §1988. The Ninth Circuit vacated the judgment awarding attorney's fees and costs because there was no indication in the record that the district court considered the plaintiff's *pro se* status and financial resources. *See Miller v. L.A. County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987) (requiring district courts to consider a plaintiff's pro se status in determining whether to award attorney's fees to a defendant under 42 U.S.C. §1988, and to consider the plaintiff's financial resources in determining the amount of the award).

The undersigned also notes that in the context of Rule 54(d)(1) of the Federal Rules of Civil Procedure, where "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs[,]" although the rule creates a strong presumption that the prevailing party will be awarded its costs, a district court has discretion to deny costs to a prevailing party, as long as it articulate "some good reason for doing so." *See, e.g., Chambers v. Joseph T. Ryerson & Son, Inc.*, 2007 WL 4302740, at *1 (N.D. Tex. Aug. 31, 2007), *report and recommendation adopted in part*, 2007 WL 4302738 (N.D. Tex. Dec. 10, 2007)

8

Among such reasons are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.*

In the instant case, the plaintiff is proceeding *pro se*, and the City of New Iberia has provided this Court with no evidence that the plaintiff has the financial resources to pay the City's attorneys' fees in connection with the pending litigation. For this reason, the undersigned declines to award attorneys' fees to the City of New Iberia under 42 U.S.C. 1988 as the prevailing party.

### III. CONCLUSION

Considering the foregoing,

**IT IS RECOMMENDED** that the unopposed FRCP Rule 12(b)(6) Motion to Dismiss [Doc. 9] filed by defendants Sheriff Louis Ackal ("Ackal") and Deputy Christopher Wilson ("Wilson") and the unopposed Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [Doc. 5] filed by defendant the City of New Iberia be GRANTED, and that all claims against the foregoing defendants be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the City of New Iberia's motion for costs and attorneys' fees be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 25th day of November, 2019 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE